UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

WILLIAM RUSSELL, and DARLENE )
LISTER                        )
                              ) Civil Action No. 5:11-cv-219-JMH
      Plaintiffs,             )
                              )
v.                            ) **MEMORANDUM OPINION AND ORDER**
                              )
MCKECHNIE VEHICLE COMPONENTS  )
USA, INC.,                    )
                              )
      Defendant.              )

                    **   **   **   **   **

The Court has reviewed the Notice of Removal [Record No. 1] filed in this matter, as well as the Complaint which was originally filed in Jessamine Circuit Court [Record No. 1-1].

In the Complaint, Plaintiffs aver that they were wrongfully terminated after filing a workers' compensation claim. *Id.* at paras. 1-13. Plaintiffs, therefore, seek damages for "an amount determined to fairly and reasonably compensate [Plaintiffs] for the harms and losses [Plaintiffs] suffered as a result of [Defendant's violation of Kentucky's Workers' Compensation statute], including past and future lost wages," "an award of costs and a reasonable attorney fee," and "any other relief to which the Plaintiffs may be entitled." *Id.* at paras. 1-5 (Demand for Relief). Plaintiffs, however, do not specify an amount of damages in their complaint noting instead that the "damages [are] in excess of the

1

jurisdictional limits of [the Jessamine Circuit Court]."[1] Defendant, however, stated in its notice of removal that "the amount in controversy exceeds $75,000 exclusive of interest and costs." [Record No. 1, para. 3].

"In cases like the one at hand, 'where the plaintiff seeks to recover some *unspecified* amount that is not self-evidently greater or less than the federal amount-in-controversy requirement,' the defendant must show that it is more likely than not that the plaintiff's claims exceed $75,000." *King v. Household Fin. Corp. II,* 593 F. Supp. 2d 958, 959 (E.D. Ky. 2009) (emphasis in original). Defendant, therefore, must come forward with competent proof showing that the amount-in-controversy requirement is satisfied. *Id.* Speculation is not sufficient to meet this burden. *Id.* (holding that defendant offered "mere averments" and not "competent proof" where notice of removal stated only that "in light of the plaintiffs' claims for compensatory damages, punitive damages, and attorney fees, "it is clear that the amount in controversy threshold is met"); *see also Hackney v. Thibodeaux*, No. 10-35-JBC, 2010 U.S. Dist. LEXIS 45633, *3-8 (E.D. Ky. May 10,

---

[1] Kentucky circuit courts are courts of general jurisdiction, having "original jurisdiction of all justiciable causes not exclusively vested in some other court." KRS § 23A.010. Kentucky district courts have exclusive jurisdiction over civil cases in which the amount in controversy does not exceed four thousand dollars ($4,000.00), exclusive of interest and costs, meaning that the amount in controversy must exceed $4,000.00 in order for jurisdiction of a civil matter to lie in the circuit court of a given county. *See* KRS §§ 23A.010, 24A.120.

2

2010) (holding that there was no competent evidence of requisite amount in controversy where defendant relied on plaintiff's pleading which sought to recover past and future medical expenses, lost wages, future impairment of the power to earn money, and past and future pain and suffering and mental anguish for injuries which are "serious and permanent in nature.").

In their Notice of Removal, Defendant appears to rely solely on the averments of Plaintiffs' Complaint in an attempt to demonstrate the requisite amount-in-controversy, stating only that "if proven, [damages will] more likely than not exceed the sum of $75,000, exclusive of interest and costs." [Record No. 1, para. 7, 8]. This is not enough, and, unless Defendant offers competent proof of an amount in controversy which exceeds $75,000, the Court is of the opinion that it lacks jurisdiction over this matter and that the matter should be remanded to Jessamine Circuit Court.

Accordingly, upon the Court's own motion, **IT IS ORDERED** that Defendant shall **SHOW CAUSE** on or before **July 29, 2011,** why this matter should not be remanded to Jessamine Circuit Court.

This the 14th day of July, 2011.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge