```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF KENTUCKY
                CENTRAL DIVISION at LEXINGTON
```

```
WILLIAM RUSSELL and              )
DARLENE LISTER,                  )
                                 )Civil Action No. 5:11-CV-219-JMH
     Plaintiffs,                 )
                                 )
v.                               )
                                 )   MEMORANDUM OPINION AND ORDER
MCKECHNIE VEHICLE COMPONENTS     )
USA, INC.,                       )
                                 )
     Defendant.                  )
```

**         **          **          **          **

On July 14, 2011, the Court issued a Memorandum Opinion and Order [DE 3] requiring Defendant show cause why this matter should not be remanded to the Jessamine Circuit Court. Specifically, the Court required Defendant to "offer[] competent proof of an amount in controversy which exceeds $75,000" to establish this Court's jurisdiction over this matter under 28 U.S.C. § 1332. *Id.* at p. 3. Defendant has filed a Response to Show Cause Order [DE 4] and a sealed settlement demand letter [DE 7]. This Court being sufficiently advised, the matter is now ripe for decision.[1]

Defendant has the burden of proving complete diversity of

---

[1] 28 U.S.C. § 1445(c) states, "A civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States." The removal of such cases to district court has been deemed a "procedural defect" rather than a jurisdictional one. *Hackworth v. Guyan Heavy Equip., Inc.,* 613 F. Supp. 2d 908 (E.D. Ky. 2009). Such procedural defects do not affect the district court's authority to hear these cases. *Id.* at 912. Because Plaintiffs failed to make a motion to remand within thirty days after removal of this case, Plaintiffs waived the right to do so, and the district court's jurisdiction is proper.

citizenship and an amount in controversy in excess of $75,000 when removing a case to federal court. *King v. Household Fin. Corp. II.*, 593 F. Supp. 2d 958, 959 (E.D. Ky. 2009). Defendant must show that it is "more likely than not" that the plaintiff's claims exceed $75,000. *Id*. Defendant, however, need not prove damages with an absolute certainty but rather, "[i]t is sufficient if there is a probability that the value of the matter in controversy exceeds the jurisdictional amount." *Kovacs v. Chesley*, 406 F.3d 393, 397 (6th Cir. 2005) (quoting *Worthams v. Atlanta Life Ins. Co.*, 533 F.2d 994, 997 (6th Cir. 1976)).

Additionally, Defendant must demonstrate that the amount in controversy with respect to each individual plaintiff more likely than not exceeds $ 75,000. Unless multiple plaintiffs join to enforce a unitary right in which they have a "common and undivided interest," each plaintiff individually must meet the amount in controversy requirement in order to establish federal subject matter jurisdiction under 28 U.S.C. § 1332. *See Snyder v. Harris*, 394 U.S. 332, 335 (1969).

Defendant has shown that the amount in controversy more likely than not meets the statutory requirement with respect to Plaintiff Darlene Lister. Defendant has offered competent proof through both a sealed settlement demand letter [DE 7] written on behalf of Plaintiffs and calculations based on information provided by Defendant's Human Resources Director [DE 5]. Plaintiff Lister has

made a settlement demand exceeding the amount in controversy requirement.[2]

District Courts across the Sixth Circuit have held that a demand letter can be "relevant evidence of the amount in controversy" if the demands "reflect[] a reasonable estimate of the plaintiff's claim." *Conder v. Best Value Inc.*, No. 3:08-cv-411-M, 2008 U.S. Dist LEXIS 82178, at *4 (W.D. Ky. Oct. 15, 2008)(holding defendants' offer of a demand letter estimating damages as evidence could show the amount in controversy) (quoting *Cohn v. Petsmart Inc.*, 281 F.3d 837, 840 (9th Cir. 2002); *accord Finnegan v. Wendy's Int'l, Inc.*, No. 2:08-cv-185, 2008 U.S. Dist. LEXIS 88868, at *10 (S.D. Ohio May 13, 2008) ("[P]laintiff's settlement demands were based on readily quantified damages reflecting a reasonable estimate of his claim, and the court may consider these demands along with the allegations of the complaint in determining whether it is more likely than not that plaintiff's claims satisfy the jurisdictional amount."); *Osborne v. Pinsonneault*, No. 4:07-CV-2-M, 2007 U.S. Dist. LEXIS 17076, at *4 (W.D. Ky. Mar. 2, 2007) (following the Ninth Circuit's "reasonable estimate of the claim" test in determining the relevancy of a demand letter submitted to show amount-in-controversy).

---

[2] KRS 342.197 provides that any individual injured by an act in violation of the statute shall have a cause of action to enjoin further violations, and to recover actual damages, together with the cost of the lawsuit, including a reasonable fee for his attorney of record.

3

Defendant also shows that Plaintiff Lister more than likely meets the amount in controversy requirement through calculations based on lost wages. Kentucky courts recognize that, for purposes of KRS 342.197, back pay includes lost wages from the date of wrongful termination until the date of the trial. *Dollar General Partners v. Upchurch,* 214 S.W.3d 910, 918 (Ky. App. 2006). Defendant's calculations, assuming that trial will not take place for another year and a half, show that Plaintiff Lister's claimed damages based on lost wages alone exceed $100,000 [DE 5], thus meeting the amount in controversy requirement. Based on these calculations, the settlement demand made on behalf of Darlene Lister appears reasonable. For these reasons, the Court is satisfied that the amount in controversy, with respect to Plaintiff Lister, more likely than not meets the statutory requirement for federal jurisdiction.

Defendant has also offered the Court competent proof that the amount in controversy is more likely than not in excess of $75,000 with respect to Plaintiff William Russell.[3] While Plaintiff Russell made a demand for settlement that does not satisfy the amount in controversy requirement, the analysis does not end there.

---

[3] Defendant raises the issue of Plaintiffs' possible recovery for the value of lost benefits, such as health insurance premiums that would have been paid by Defendant had Plaintiffs remained employed. It is not necessary to consider the possibility that the plaintiffs will recover for the value of lost benefits. Each plaintiff more than likely meets the amount in controversy requirement exclusive of the value of lost benefits.

*See May v. Wal-Mart Stores, Inc.,* 751 F. Supp. 2d 946 (E.D. Ky. 2010) (holding that, while settlement demand letter offers some evidence of the actual amount in controversy, it is not dispositive); *Smith v. Phillips & Jordan, Inc.,* No. 10-134-ART, 2011 U.S. Dist. LEXIS at *5 (E.D. Ky. Jan. 24, 2011) (explaining that, because amount that party demands to settle is not "especially strong evidence" of the true amount in controversy, additional information is helpful in determining whether the statutory requirement is met.). Here, Defendant has provided additional proof of the amount in controversy with respect to Plaintiff Russell by calculating lost wages to account for the pendency of this matter through the anticipated time of trial, some eighteen months from the removal of this case, in the amount of $60,000 [DE 5 at p.6]. This is appropriate, as is including attorneys' fees, since they are available under the statute at bar in this instance. *See Dollar General Partners,* 214 at 918; *Williamson v. Aetna Life Ins. Co.,* 481 F.3d 369, 376 (6th Cir. 2007) (holding that, generally, attorneys' fees are not included in determining amount in controversy for diversity purposes except where attorneys' fees are "provided for by contract or where a statute mandates or expressly allows the payment of such fees."); KRS 342.197 (providing for award of attorneys' fees). When added together with attorneys' fees as demanded and anticipated, his amount in controversy is in excess of the statutory requirement,

despite his low settlement demand. The Court is satisfied that the amount in controversy with respect to Plaintiff Russell more likely than not exceeds $75,000.

Accordingly, **IT IS ORDERED** that the Court's Order of July 14, 2011 is **DISCHARGED.**

This the 26th day of August, 2011.

Signed By:
*Joseph M. Hood*
Senior U.S. District Judge